| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| ROBERT ETHAN MILLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO.  1:24-CV-267 |
| | § | |
| WARDEN, USP BEAUMONT, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Ethan Miller, an inmate confined at the United States Penitentiary located in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

The court denied and dismissed the above-styled petition on May 30, 2025.  Petitioner has filed a motion for withdrawal (#25) and a motion for reconsideration (#26).  This memorandum considers such motions.

### Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*.  The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

 (A)   after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

 (B)   after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*.  After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment.  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

As petitioner's motion for reconsideration was filed within 28 days of the judgment, the motion is timely under Rule 59.  Petitioner contends the court erred in denying his petition because he challenges the August 25, 2008, order of the United States District Court for the Northern District of Georgia which denied equitable tolling for his § 2255 motion to vacate, not the validity of his conviction or sentence.  As set forth in the report, as well as the memorandum adopting the report, petitioner fails to satisfy the extremely limited and unusual circumstances necessary for granting relief in a § 2241 petition.  *See Jones v. Hendrix*, 599 U.S. 465, 478 (2023); *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 580 (2023).

After careful consideration of petitioner's motion to alter or amend judgment, the court is of the opinion that petitioner's motion fails to set forth a meritorious ground warranting relief from the judgment.  Accordingly, petitioner's motion for reconsideration (#26) should be denied.

Additionally, petitioner filed a motion for withdrawal (#25) in which he requests the return of $100,000,000.00 he claims to have allegedly deposited with the United States Treasury in relation to this case and another action before the United States District Court for the Northern District of Georgia.  The court finds no validity to petitioner's assertion of a deposit, and the motion for withdrawal should be denied.

## ORDER

For the reasons set forth above, petitioner's motion to alter or amend judgment and motion for withdrawal should be denied.  It is therefore

**ORDERED** that petitioner's motion to alter or amend judgment (#26) and motion for withdrawal (#25) are **DENIED**.

SIGNED at Beaumont, Texas, this 11th day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

2